UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 07-58-KKC

UNITED STATES OF AMERICA                                                         PLAINTIFF

VS:                             RECOMMENDED DISPOSITION

FRANK E. BAKER                                                                   DEFENDANT

\* \* \* \* \* \*

The Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d). Procedurally, the hearing followed an oral (and then written) defense motion for evaluation/hearing made at the originally-scheduled detention hearing in this action. *See* DE# 18 (minutes); DE #16 (defense motion). The United States did not object, and the Court granted the motion. *See* DE #19. The evaluation occurred, as ordered by the Court. All parties had access to the forensic report (the "Report") issued by the BOP's designee, Dr. Betsy Campbell, and the Court served the Report, under seal, to all counsel. *See* DE# 29.[1]

At the hearing, the defense stipulated to the admissibility of the Report concerning Defendant's competency and also stipulated to the Report's conclusion, which is one of current competency. Counsel for the defense waived any objection to the Court's consideration of said

---

[1] Given the absence of a specific referral order on the competency issue, and based on potential arguments concerning the dispositive nature of a competency ruling, the Court issues this order as a Recommended Disposition. This is a protective effort designed to preserve Defendant's right to a full de novo review, if sought, before the District Judge. *See, e.g., United States v. Prince*, 2003 WL 21919187, at *1 n. 1 (N.D. Ind. May 23, 2003)(discussing Magistrate Judge sua sponte authority on issue); *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004)(discussing nature of competency determination as potentially considered dispositive).

Report in lieu of live author testimony. Although the Court offered all parties the opportunity to call witnesses or tender further proof, no party offered additional proof.

Section 4241 codifies the competency principles of *Dusky v. United States*, 80 S. Ct. 788 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *See United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995)(citing *Dusky*); *see also* 18 U.S.C. § 4241(a)(phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense").

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); 18 U.S.C. § 4241(c)(referencing § 4247(d) for hearing procedure). Defendant, by counsel, requested neither cross-examination or the presentation of witness testimony.

Ultimately, the competency standard emanates from § 4241(d), triggered if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of § 4241(a). This suggests that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Salley*, 246 F. Supp.2d 970, 976 (N.D. Ill. 2003)(burden on United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998)("The burden to prove a lack of competence is on the defendant."). Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question.

*See, e.g., Medina v. California*, 112 S. Ct. 2572, 2579 (1992)(indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

Here, with a stipulation as to admissibility and substance of the Report, the only proof as to current competency is the expert analysis of Dr. Campbell. In a thorough and well-documented ten page report, Dr. Campbell analyzes Defendant's history, course of evaluation (which covered over sixty days) and testing performance. Dr. Campbell benefitted from (and describes) extended access to and a personal interview of Defendant. She accounted for his reported history of depression and history of substance abuse. Dr. Campbell carefully applied the *Dusky* standards to the objective and subjective data available concerning Mr. Baker. In the end, based on all of the summarized factors, Dr. Campbell opined, under the appropriate legal standards, that "Mr. Baker is currently competent to stand trial." *See* Report at 9.[2]

Defendant did not criticize or question the factual observations, methodology, or conclusions in Dr. Campbell's Report. Defendant also raised no questions as to Dr. Campbell's qualifications or expertise. Indeed, as stated, Mr. Baker stipulated to admissibility of and the conclusion of the Report.

Further, the Court has not independently observed behavior that conflicts with Dr. Campbell's conclusions. In Court appearances, Defendant has appeared under control and conscious of events. He has responded appropriately to questions and has offered information or otherwise engaged properly in dialog with the Court and with counsel. The Court has seen no irrational or erratic conduct that would indicate a current competency deficit, and both counsel and Mr. Baker

---

[2] Certainly, the Court will be cognizant of the evaluator's suggestions as to the pace of any proceedings. The Court commends the other ameliorative suggestions to counsel for the defense.

agreed that his condition now, compared to his distress at the time of the evaluation order, is dramatically improved.

The Court finds no evidence to support that Defendant is not competent, and certainly finds nothing that would establish incompetency by a preponderance of the evidence. Indeed, the Court finds that Defendant is able to understand the nature and consequences of the proceedings and can assist properly in his defense. Defendant is competent to face further proceedings, to include trial, in this matter.

The Court notes that all time related to the competency evaluation and determination is excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(A).

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult said statute, and Fed. R. Crim. P. 59(b), concerning the right to appeal to the District Judge. Rule 59(b) requires specific written objections filed within 10 (ten) days of service of this Recommended Disposition.

This the 20th day of December, 2007.

Signed By:
Robert E. Wier  REW
United States Magistrate Judge

G:\frankbakercomp.wpd